David J.P. Kaloyanides SBN 160368
E: djpkaplc@me.com
DAVID J.P. KALOYANIDES
A PROFESSIONAL LAW CORPORATION
15338 Central Avenue
Chino, CA 91710
T: (213) 623-8120/F: (213) 402-6292

Rebecca Markert  (Pro Hac Vice Pending)
Madeline Ziegler (Pro Hac Vice Pending)
E: aseidel@ffrf.org/mziegler@ffrf.org
Freedom From Religion Foundation, Inc.
PO Box 750
Madison, WI 53701
T: (608) 256-8900

Attorney for Plaintiffs
Freedom From Religion Foundation, Inc.,
and Andrew DeFaria

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., and ANDREW DEFARIA,<br><br>              Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA CLARA, and CITY OF SANTA CLARA CITY COUNCILMEMBERS MAYOR LISA GILLMOR, VICE MAYOR TERESA O'NEILL, PAT KOLSTAD, DEBI DAVIS, JERRY MARSALLI, DOMINIC CASERTA, and KATHY WATANABE, in their official representative capacities,<br><br>              Defendants. | Case No.:<br><br>VERIFIED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES |

1
VERIFIED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

# VERIFIED COMPLAINT

Seeking to protect their civil liberties and constitutional rights, Plaintiffs Freedom From Religion Foundation, Inc. and Andrew DeFaria ("Plaintiffs"), as their complaint against the City of Santa Clara, California, and City of Santa Clara City Councilmembers Mayor Lisa Gillmor, Vice Mayor Teresa O'Neill, Pat Kolstad, Debi Davis, Jerry Marsali, Dominic Caserta, and Kathy Watanabe, in their official individual, representative capacities ("Defendants"), allege as follows:

## NATURE OF THE CLAIMS

1. This action challenges the constitutionality of the Defendant's display of a Latin cross (the "Cross") in Memorial Cross Park (the "Park"), a City park, as a violation of the separation of church and state required by (i) the Establishment Clause of the First Amendment of the United States Constitution, as applied to the City by the Fourteenth Amendment, and (ii) the Establishment, No Preference, and No Aid Clauses of Articles I (Section 4) and XVI (Section 5) of the California Constitution.

2. The Plaintiffs seek injunctive and declaratory relief under 42 U.S.C. § 1983 against the Defendants, and damages according to proof to redress this violation of the separation of church and state, together with recovery of attorney's fees and costs under 42 U.S.C. § 1988(b).

## JURISDICTION AND VENUE

3. This case arises under the First Amendment to the Constitution of the United States and presents a federal question within this court's jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 (a)(3). This Court has supplemental jurisdiction to hear

the related claims under the California Constitution arising from the same facts pursuant to 28 U.S.C. §1367.

4. The Court has the authority to issue a declaratory judgment under 28 U.S.C. §2201 and to provide injunctive relief under 28 U.S.C. §1343 and Federal Rule of Civil Procedure 65.

5. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the Plaintiffs' claims occurred within the district.

## INTRADISTRICT ASSIGNMENT

6. This action involves the City of Santa Clara and all events and conduct giving rise to Plaintiffs' claims arose within the City of Santa Clara, in the County of Santa Clara. Pursuant to Local Rule 3-2(e), this action is properly assigned to the San Jose Division of this Court.

## PARTIES

7. The first Plaintiff, the Freedom From Religion Foundation ("FFRF"), is a nonprofit corporation incorporated in Wisconsin that advocates for the separation of church and states and educates on matters of non-theism. FFRF has over 23,500 members nationwide, including more than 3,200 members in California, a state chapter in Sacramento, and members who are residents of Santa Clara. FFRF brings this action to assert the First Amendment rights of its members.

8. FFRF's membership includes individuals who have had direct and unwanted exposure to the Latin cross in the Park, and will continue to have direct and unwanted exposure to the cross in the future.

9. The second Plaintiff, Andrew DeFaria, is a member of FFRF and a resident of the City. He objects to the display and maintenance of the Cross, and has had unwanted and unwelcome contact with it. He does not want to continue enduring the unwelcome contact with this clear symbol of the Christian religion and objects to the City's maintenance of such a blatant religious symbol, and he also objects to the City's endorsement of and display of its preference for the Christian religion.

10. The Defendants are the City of Santa Clara, a California local government entity and the City of Santa Clara City Council, Mayor Lisa Gillmor, Vice Mayor Teresa O'Neill, Pat Kolstad, Debi Davis, Jerry Marsali, Dominic Caserta, and Kathy Watanabe, in their official individual, representative capacities. This action challenges the City's decision to display and maintain the Cross. Its actions described herein constitute "state action" as that term has been defined by relevant case law.

## FACTS

11. The City of Santa Clara owns a piece of public property commonly known as Memorial Cross Park, located at the intersection of Martin Avenue and De La Cruz Boulevard in the City. The Park lies at the site of the second Spanish Catholic mission established in the City in 1777 by the Franciscan Padres.

12. Despite the fact that the Park was, and still is, owned and maintained by the City, in 1953 the City permitted the Santa Clara Lions Club to donate a 14-foot

granite Latin cross to be displayed in the Park to commemorate the 1777 Spanish Catholic mission in the City.

13. The City has continued to maintain and display the Cross from 1953 until present. (See Exhibit 1).

14. The cross was rededicated in a ceremony in May 1961.

15. On April 5, 2012, FFRF Senior Staff Attorney Rebecca Markert ("Markert") sent a letter of complaint to Jamie L. Matthews, the then-Mayor of Santa Clara, alerting him that the Cross's presence on public land violates the Establishment Clause of the First Amendment of the United States Constitution. A true and correct copy of this letter is attached hereto as Exhibit A.

16. On July 14, 2012, the City replied to FFRF's letter, and said that it was considering dismantling the Cross, moving the Cross, transferring the land on which the Cross sits, or changing the name of the Park. The City's letter stated that the matter would be discussed at the City Council meeting on August 21, 2012 and that the City looked forward "to resolving this matter in an expeditious and responsible manner." A true and correct copy of this letter is attached hereto as Exhibit B.

17. After her original April 5 letter, over the past three years, on at least twelve occasions, Markert and other FFRF employees have asked the City for updates on the status of the Cross's removal.

18. Despite repeated assurances to FFRF and its stated intent to take some action with regard to the Cross, other than removing a City sign reading "Memorial Cross Park," the City has not currently dismantled, moved, transferred or otherwise modified the Cross or Park. It is still owned and maintained by the City of Santa Clara.

5
VERIFIED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

19.     Plaintiff DeFaria lives in the City of Santa Clara, and his residence is comparatively close to the Memorial Cross Park. He has gone to the park and encountered the Cross on several occasions. As a non-believer in any religion, he finds the Cross on public land objectionable. As a consequence, he avoids the public park and even goes so far as to avoid the street on which the park and Cross are located in order to avoid the offensive encounter with the City's endorsement of the Christian religion through this symbolism. Mr. DeFaria does not want to be excluded from public land in his city by such conduct where religion is endorsed. Mr. DeFaria does not want to have to choose to be exposed to objectionable religious endorsement by Defendants, who are part of his local government and elected officials, in order to have access to public land in his city. He has been placed in the position of having to choose between suffering exposure to the offensive conduct by Defendants if he wants to use the public lands as any other citizen or being excluded from the public land in order to avoid the offensive display by the Defendants.

## GROUNDS FOR RELIEF

### First Ground for Relief: Federal Establishment Clause Violation

20.     Plaintiffs incorporate and adopt each and every allegation in the preceding paragraphs numbered 1 through 19 as though fully set forth herein.

21.     The Defendant's acceptance of the Cross from the Santa Clara Lion's Club and its subsequent display and maintenance of the Cross amounts to the advancement of religion, and specifically an endorsement of and affiliation with Christianity, in violation of the Establishment Clause of the First Amendment to the United States Constitution.

22. The Defendant acted under color of state law in violation the First Amendment as described above in violation of 42 U.S.C. § 1983.

**Second Ground for Relief: California Constitution Violation**

23. Plaintiffs incorporate and adopt each and every allegation in the preceding paragraphs numbered 1 through 22 as though fully set forth herein.

24. The Cross, as described above, constitutes an impermissible establishment of religion in violation of the Establishment Clause contained in Article I, §4 of the California Constitution.

25. The Cross gives the appearance that the Defendant prefers Christianity over all other religions, and religion in general over non-religion, in violation of the No Preference Clause contained in Article I, § 4 of the California Constitution.

26. The City's maintenance of the Cross and the use of City property to display it violate the No Aid Clause contained in Article XVI, §5 of the California Constitution.

**REQUEST FOR RELIEF**

27. The Plaintiffs request that this Court grant the following relief:

a. A declaratory judgment that the Defendant's acceptance of the donation of the Cross and subsequent display and maintenance of the Cross on public property violates (i) the Establishment Clause of the First Amendment of the United States Constitution and (ii) Article 1, Section 4 and Article 16, Section 5 of the

7
VERIFIED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

California Constitution, and is a violation of the Plaintiffs' constitutional rights under 42 U.S.C. § 1983;

b. An injunction preventing the Defendant (and any successors or assigns) from maintaining or displaying the Cross on public property, or, through subsequent transfer, on private property, in violation of the Establishment Clause and/or the California Constitution;

c. A judgment in the Plaintiffs' favor for nominal damages;

d. An award to the Plaintiffs of reasonable costs, disbursements, and attorneys' fees as allowed by law from the Defendant pursuant to 42 U.S.C. § 1988; and

e. An award of such further relief as the Court deems just.

Respectfully submitted,

Dated: April 20, 2016

David J.P. Kaloyanides

Rebecca Markert PHV Pending
Madeline Ziegler PHV Pending
Freedom From Religion Foundation, Inc.

Attorneys for Plaintiffs
Freedom From Religion Foundation, Inc.,
and Andrew DeFaria

# VERIFICATION

I, the undersigned Plaintiff, have read this Verified Complaint. The allegations set forth are true and correct based on my own knowledge and upon information provided to me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of April, 2016.

*Annie Laurie Gaylor* (signature)

Freedom From Religion Foundation, Inc.

By: Annie Laurie Gaylor
Print Name

Its: Co-President
Title

# VERIFICATION

I, the undersigned Plaintiff, have read this Verified Complaint. The allegations set forth are true and correct based on my own knowledge and upon information provided to me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of April, 2016.

*Andrew DeFaria*
_____
        Andrew DeFaria

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16        EXHIBIT 1
17
18
19
20
21
22
23
24
25                              11
26  VERIFIED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES



EXHIBIT 1
12
VERIFIED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES



EXHIBIT 1
13
VERIFIED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES