Thomas B. Brown (SBN 104254)
E-mail: tbrown@bwslaw.com
Gregory R. Aker (SBN 104171)
E-mail: gaker@bwslaw.com
Albert Tong (SBN 208439)
E-mail: atong@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1901 Harrison Street, Suite 900
Oakland, CA 94612-3501
Tel: 510.273.8780　Fax: 510.839.9104

Attorneys for Defendants
CITY OF SANTA CLARA; CITY OF SANTA CLARA CITY COUNCILMEMBERS MAYOR LISA GILLMORE, VICE MAYOR TERESA O'NEILL, PAT KOLSTAD, DEBI DAVIS, JERRY MARSALLI, DOMINIC CASERTA, and KATHY WATANABE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., and ANDREW DEFARIA,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF SANTA CLARA; CITY OF SANTA CLARA CITY COUNCILMEMBERS MAYOR LISA GILLMORE, VICE MAYOR TERESA O'NEILL, PAT KOLSTAD, DEBI DAVIS, JERRY MARSALLI, DOMINIC CASERTA, and KATHY WATANABE, in their official representative capacities,<br><br>　　　　　Defendants. | Case No. 16-cv-02072-LHK<br><br>**ANSWER OF DEFENDANTS CITY OF SANTA CLARA; CITY OF SANTA CLARA CITY COUNCILMEMBERS MAYOR LISA GILLMORE, VICE MAYOR TERESA O'NEILL, PAT KOLSTAD, DEBI DAVIS, JERRY MARSALLI, DOMINIC CASERTA, AND KATHY WATANABE TO PLAINTIFFS' VERIFIED COMPLAINT** |

Defendants CITY OF SANTA CLARA (the "City"); CITY OF SANTA CLARA CITY COUNCILMEMBERS MAYOR LISA GILLMORE, VICE MAYOR TERESA O'NEILL, PAT KOLSTAD, DEBI DAVIS, JERRY MARSALLI, DOMINIC CASERTA, and KATHY WATANABE (collectively, "DEFENDANTS") hereby answer the Verified Complaint of plaintiffs FREEDOM FROM RELIGION FOUNDATION, INC. ("FFRF"), and ANDREW DEFARIA (collectively, "PLAINTIFFS") by admitting, denying, and alleging as follows:

1. Responding to the allegations contained in paragraph 1, this paragraph sets forth PLAINTIFFS' characterization and summary of this action, to which no response by DEFENDANTS is required. To the extent a response is required, DEFENDANTS deny each and every allegation of said paragraph.

2. Responding to the allegations contained in paragraph 2, this paragraph sets forth the relief sought by PLAINTIFFS in this action, to which no response by DEFENDANTS is required. To the extent a response is required, DEFENDANTS deny that PLAINTIFFS are entitled to any of the relief they request.

3. Responding to the allegations contained in paragraph 3, this paragraph sets forth PLAINTIFFS' conclusions of law regarding jurisdiction, to which no response by DEFENDANTS is required. To the extent a response is required, DEFENDANTS deny each and every allegation of said paragraph.

4. Responding to the allegations contained in paragraph 4, this paragraph sets forth PLAINTIFFS' conclusions of law regarding the Court's authority to issue a declaratory judgment, to which no response by DEFENDANTS is required. To the extent a response is required, DEFENDANTS deny each and every allegation of said paragraph.

5. Responding to the allegations contained in paragraph 5, this paragraph sets forth PLAINTIFFS' conclusions of law regarding venue, to which no response by DEFENDANTS is required. To the extent a response is required, DEFENDANTS deny each and every allegation of said paragraph.

6. Responding to the allegations contained in paragraph 6, this paragraph sets forth PLAINTIFFS' characterization and summary of this action, and their conclusions of law regarding venue, to which no response by DEFENDANTS is required. To the extent a response is required, DEFENDANTS deny each and every allegation of said paragraph.

7. Responding to the allegations contained in paragraph 7, DEFENDANTS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

8. Responding to the allegations contained in paragraph 8, DEFENDANTS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9. Responding to the allegations contained in paragraph 9, DEFENDANTS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10. Responding to the allegations contained in paragraph 10, DEFENDANTS admit the City is a local government entity and Mayor Lisa Gillmor, Vice Mayor Teresa O'Neill, Pat Kolstad, Debi Davis, Jerry Marsali, Dominic Caserta, and Kathy Watanabe are members of the City's City Council. The remaining allegations set forth PLAINTIFFS' characterization and summary of this action, to which no response by DEFENDANTS is required. Except as expressly admitted or alleged, DEFENDANTS deny each and every remaining allegation of said paragraph.

11. Responding to the allegations contained in paragraph 11, DEFENDANTS admit the City owns the park near the intersection of Martin Avenue and De La Cruz Boulevard, which was commonly known as "Memorial Cross Park" (the "Park"). DEFENDANTS also admit the Park was the site of the second mission established in or about 1777 by the Franciscan Padres (the "Mission"). Except as expressly admitted or alleged, DEFENDANTS deny each

1  and every remaining allegation of said paragraph.

2      12. Responding to the allegations contained in paragraph 12, DEFENDANTS admit that the City has owned, and continues to own, the Park, and, in 1953, it permitted the Santa Clara Lions Club to donate a 14-foot granite Latin cross (the "Cross') to be displayed in the Park to commemorate the Mission. Except as expressly admitted or alleged, DEFENDANTS deny each and every remaining allegation of said paragraph.

    13. Responding to the allegations contained in paragraph 13, DEFENDANTS admit the Cross has been continuously displayed in the Park from 1953 to the present. Except as expressly admitted or alleged, DEFENDANTS deny each and every remaining allegation of said paragraph.

    14. Responding to the allegations contained in paragraph 14, DEFENDANTS admit the Cross was re-dedicated in a ceremony in May 1961. Except as expressly admitted or alleged, DEFENDANTS deny each and every remaining allegation of said paragraph.

    15. Responding to the allegations contained in paragraph 15, DEFENDANTS admit the City received a letter dated April 5, 2012 from FFRF's attorney, Rebecca Markert, Esq., to the former Mayor, Jamie Matthews, which stated the display of the Cross at the Park violated the Establishment Clause of the federal Constitution. Except as expressly admitted or alleged, DEFENDANTS deny each and every remaining allegation of said paragraph.

    16. Responding to the allegations contained in paragraph 16, DEFENDANTS admits the City responded to Ms. Markert's letter and advised her that, among other things, it was exploring options to resolve the conflict brought about by the Cross, including dismantling or moving it, transferring the land on which it sits, or changing the name of the Park, and the matter would be discussed at the City Council meeting on August 21, 2012. Except as expressly admitted or alleged, DEFENDANTS deny each and every remaining allegation of said

paragraph.

17. Responding to the allegations contained in paragraph 17, DEFENDANTS admit Ms. Markert and other FFRF employees have asked the City for updates on the Cross on multiple occasions from April 5, 2012 to the present. Except as expressly admitted or alleged, DEFENDANTS deny each and every remaining allegation of said paragraph.

18. Responding to the allegations contained in paragraph 18, DEFENDANTS admit that the City presently owns the Park, it removed the sign reading "Memorial Cross Park," and it has not dismantled or moved the Cross, or transferred the land on which it sits. Except as expressly admitted or alleged, DEFENDANTS deny each and every remaining allegation of said paragraph.

19. Responding to the allegations contained in paragraph 19, DEFENDANTS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

20. Responding to the allegations contained in paragraph 20, this paragraph incorporates and adopts their prior allegations, to which no response by DEFENDANTS is required. To the extent a response is required, DEFENDANTS deny each and every allegation of said paragraph.

21. Responding to the allegations contained in paragraph 21, this paragraph sets forth PLAINTIFFS' conclusions of law regarding the Establishment Clause contained in the federal Constitution, to which no response by DEFENDANTS is required. To the extent a response is required, DEFENDANTS deny each and every allegation.

22. Responding to the allegations contained in paragraph 22, this paragraph sets forth PLAINTIFFS' conclusions of law regarding the First Amendment and 42 U.S.C. § 1983, to which no response by DEFENDANTS is required. To the extent a response is required, DEFENDANTS deny each and every allegation.

23.  Responding to the allegations contained in paragraph 23, this paragraph incorporates and adopts their prior allegations, to which no response by DEFENDANTS is required. To the extent a response is required, DEFENDANTS deny each and every allegation of said paragraph.

24.  Responding to the allegations contained in paragraph 24, this paragraph sets forth PLAINTIFFS' conclusions of law regarding the Establishment Clause contained in the California Constitution, to which no response by DEFENDANTS is required. To the extent a response is required, DEFENDANTS deny each and every allegation.

25.  Responding to the allegations contained in paragraph 25, this paragraph sets forth PLAINTIFFS' conclusions of law regarding the No Preference Clause contained in the California Constitution, to which no response by DEFENDANTS is required. To the extent a response is required, DEFENDANTS deny each and every allegation.

26.  Responding to the allegations contained in paragraph 26, this paragraph sets forth PLAINTIFFS' conclusions of law regarding the No Aid Clause contained in the California Constitution, to which no response by DEFENDANTS is required. To the extent a response is required, DEFENDANTS deny each and every allegation.

27.  Responding to the allegations contained in paragraph 27, this paragraph constitutes a claim for relief, to which no response is required. To the extent a response is required, DEFENDANTS deny that PLAINTIFFS are entitled to any of the relief they request.

28.  Each and every allegation of the Complaint not heretofore expressly admitted is hereby denied.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, DEFENDANTS allege, without assuming any burden of proof that would otherwise rest on PLAINTIFFS, as follows:

## FIRST AFFIRMATIVE DEFENSE

1. PLAINTIFFS, and each of them, have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. PLAINTIFFS, and each of them, lack standing.

## THIRD AFFIRMATIVE DEFENSE

3. PLAINTIFFS, and each of them, have failed to present a case or controversy.

WHEREFORE, DEFENDANTS pray for the following relief:

1. That PLAINTIFFS take nothing by reason of their Complaint;

2. That DEFENDANTS be awarded judgment in their favor on the Complaint;

3. That DEFENDANTS be awarded their costs of suit incurred herein;

4. For such other and further relief as the Court may deem just and proper.

Dated: June 2, 2016

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Albert Tong
Thomas B. Brown
Gregory R. Aker
Albert Tong
Attorneys for Defendants
CITY OF SANTA CLARA; CITY OF SANTA CLARA CITY COUNCIL-MEMBERS MAYOR LISA GILLMORE, VICE MAYOR TERESA O'NEILL, PAT KOLSTAD, DEBI DAVIS, JERRY MARSALLI, DOMINIC CASERTA, and KATHY WATANABE

# PROOF OF SERVICE

I, Laura A. Montalvo, declare:

I am a citizen of the United States and employed in Alameda County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1901 Harrison Street, Suite 900, Oakland, California 94612-3501. On June 2, 2016, I served a copy of the within document(s):

> *ANSWER OF DEFENDANTS CITY OF SANTA CLARA; CITY OF SANTA CLARA CITY COUNCILMEMBERS MAYOR LISA GILLMORE, VICE MAYOR TERESA O'NEILL, PAT KOLSTAD, DEBI DAVIS, JERRY MARSHALLI, DOMINIC CASERTA, AND KATHY WATANABE TO PLAINTIFFS' VERIFIED COMPLAINT*

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Oakland, California addressed as set forth below.

☒ by placing the document(s) listed above in a sealed FedEx envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FedEx agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by transmitting via electronic transmission through the Court's **CM/ECF SERVICE** the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| David J.P. Kaloyanides | Rebecca Markert |
| --- | --- |
| David J.P. Kaloyanides A Professional Law Corporation | Madeline Ziegler |
| 15338 Central Avenue | Freedom From Religion Fdn., Inc. |
| Chino, CA 91710 | P.O. Box 750 |
| Phone: 213.623.8120 | Madison, WI 53701 |
| Email: djpkaplc@me.com | Phone: 608.256.8900 |
| ***Attorneys for Plaintiffs*** | Email: aseidel@ffrf.org ; mziegler@ffrf.org |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 2, 2016, at Oakland, California.

_____
Laura A. Montalvo